# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SHARON JOHNSON COLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7464 | **DATE** | January 17, 2012 |
| **CASE TITLE** | Johnnie Stallings (#2011-0506180) vs. Cook County, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The court authorizes and orders Cook County Jail officials to begin making monthly deductions toward payment of the filing fee in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, the complaint is summarily dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state an actionable federal claim. The case is terminated. The plaintiff's motion for appointment of counsel [#4] is denied as moot. As the court finds that the plaintiff's false arrest is effectively time-barred rather than actually time-barred, no "strike" will be assessed under 28 U.S.C. § 1915(g).

■ [**For further details see text below.**]     **Docketing to mail notices.**

## STATEMENT

    The plaintiff, a detainee in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1983. The plaintiff sues Cook County, the President of the Cook County Board of Commissioners, and Sheriff Tom Dart purportedly for false arrest, false imprisonment, malicious prosecution, and "involuntary servitude."

    The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Because the plaintiff has a zero balance in his inmate trust account and has received no deposits within the last six months, the initial partial filing fee is waived pursuant to 28 U.S.C. § 1915(b)(4). However, the supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to begin collecting monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. *See* 28 U.S.C. § 1915(b)(2). Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. *Id.* All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook **(CONTINUED)**

mjm

County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state an actionable federal claim as a matter of law.

The plaintiff alleges that in November 2009, he was charged with possession of cannabis with intent to deliver. He further states that following a bench trial in February 2011, he was acquitted of the charge. On the basis of these facts, the plaintiff sues Cook County, the county board's president, and the Cook County Sheriff over the time he spent in pretrial confinement.

Neither Cook County nor county officials can be held liable for wrongful imprisonment. The Illinois County Jail Act, 730 ILCS § 125/4, requires a jail to "receive and confine in such jail, until discharged by due course of law, all persons committed to such jail by any competent authority." Because the plaintiff was facing criminal charges, the Cook County Department of Corrections was acting as a custodian of the plaintiff and could not release him without a court order unless he posted the required bond. *See Perez-Garcia v. Village of Mundelein*, 2005 WL 991783 (N.D. Ill.) (Conlon, J.), *citing Weinmann v. County of Kane*, 150 Ill.App.3d 962, 104 Ill. Dec. 110, 502 N.E.2d 373 (2nd Dist. 1986). Even though the charges against the plaintiff were ultimately dismissed, the Cook County Department of Corrections was required by law to detain him pending final disposition of the criminal prosecution.

The plaintiff's "false arrest" claim is equally without merit. First, none of the named defendants is alleged to have been involved in the underlying arrest. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). There is no allegation that county officials were involved in the underlying arrest.

Second, use of the term "false arrest" is insufficient to meet even the liberal notice pleading standards of Fed. R. Civ. P. 8. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)). The factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.. Ibid.* While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Ibid.* (citations omitted). The court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action,
**(CONTINUED)**

| STATEMENT (continued) |
|---|

supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)).

The fact that the charges were ultimately dismissed does not, alone, necessarily signify that the plaintiff was falsely arrested. The plaintiff has provided no facts whatsoever suggesting either that there was no valid warrant for his arrest or that there was no probable cause to arrest him. Without any basic facts concerning the arrest, the court discerns no cognizable Fourth Amendment false arrest claim.

Third, it is now too late to amend the complaint to describe the allegedly false arrest and to name the arresting officers. In Illinois, the statute of limitations for Section 1983 actions is two years. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. Illinois law does not toll the statute of limitations for prisoners. *Schweihs Burdick*, 96 F.3d 917, 919 (7th Cir. 1996); *Turner-El v. Davis*, No. 10 C 5188, 2010 WL 3526379, *1, n.1 (N.D. Ill. Aug. 30, 2010) (Norgle, J.). Expiration of a statute of limitations is an affirmative defense, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002).

The plaintiff contends that he was falsely arrested on an unspecified date in November 2009. A false arrest claim "accrues on the day of arrest." *Wallace v. City of Chicago*, 440 F.3d 421, 427 (7th Cir. 2006) (internal citations omitted). Because the plaintiff waited until the eleventh hour to file suit, allowing him to amend his complaint at this late date to name the arresting officers would be futile. In this circuit, a plaintiff cannot invoke the relation back principles of Rule 15(c) to name new defendants after the statute of limitations has expired. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980). The statute of limitations would undoubtedly extinguish any cause of action for false arrest by the time the plaintiff were to file an amendment complaint against the arresting officers.

Finally, to the extent that the plaintiff is suing for malicious prosecution, that tort is not actionable in federal court in Illinois. *Avilas v. Pappas*, 591 F.3d 552, 553-54 (7th Cir. 2010), *citing Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001) (*inter alia*). Illinois state law provides a cause of action to address a malicious prosecution. *See, e.g., Smith v. Lamz*, 321 F.3d 680, 684 (7th Cir. 2003) ("We begin by noting that . . . [the plaintiff] may not maintain an action under § 1983 for malicious prosecution") (citing *Newsome*, 256 F.3d at 750-51). Any cause of action for malicious prosecution would therefore lie in state court.

For all of the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The plaintiff's motion for appointment of counsel is denied as moot.

Because the court finds that one of the plaintiff's potential claims is barred as a practical matter rather than actually time-barred, no "strike" will be assessed under 28 U.S.C. § 1915(g). Nevertheless, the plaintiff is warned
**(CONTINUED)**

| STATEMENT (continued) |
|---|

that under that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *Id.*

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the U.S. Court of Appeals for the Seventh Circuit may impose a "strike."